UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

THOMAS J. GREEN #161535,

               Plaintiff,             Case No. 2:06-cv-218

v.                               Honorable Gordon J. Quist

GERALD HOFBAUER, et al.,

               Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, I recommend that Plaintiff's complaint be dismissed without prejudice.

## Discussion

I.       Factual allegations

Plaintiff Thomas J. Green, an inmate at the Chippewa Correctional Facility (URF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Marquette Branch Prison (MBP) Warden Gerald Hofbauer, MBP Assistant Deputy Warden James Alexander, MBP Assistant Deputy Warden Jeff Larson, MBP Resident Unit Manager Niemi, MBP Health Care

Supervisor, Regional Health Care Administrator, R.N. Supervisor Marie Jordan, MDOC Director and MDOC Heath Care Director.

Plaintiff alleges in his complaint that he arrived at MBP on June 21, 2005, and was housed in Brooks Center, which is a psychological ward, not because he suffered from psychological problems, but because he was suffering from a serious medical condition that affects his lungs and his ability to perform activities of daily living.  Because of Plaintiff's condition, he is required to have access to oxygen at all times and a portable oxygen tank must accompany Plaintiff when he is out of his cell.  While Plaintiff was being housed in the Brooks Center, from June 21, 2005, until March of 2006, he was denied all outside yard exercise.  Plaintiff concedes that he was allowed to walk in the hallway for 30 minutes one to two times a day, but because he was not given a portable oxygen tank, he was rarely able to do more than sit in the hallway.  Plaintiff states that he did not have access to television, radio, newspapers, or other recreation.  Plaintiff also claims that there were no windows and he was not able to see the sun.

Plaintiff states that after living under the above conditions for two months, he began to complain about the lack of outdoor exercise and fresh air.  Plaintiff became easily aggravated and suffered from daily headaches, stomachaches, leg cramps and bowel problems.  Plaintiff received many misconducts for insolence, threatening behavior and was placed in an observation cell at least three times pending administrative hearings.  The longest period Plaintiff was kept in an observation cell was two months, during which he was not allowed out of his cell except to take a shower.  Plaintiff further states that when he was taken to the showers, he was forced to walk long distances without his oxygen tank.

- 2 -

Plaintiff states that the observation cells contain only a toilet, face bowl, and mattress. In addition, the lights are kept on 24 hours a day, making it difficult to sleep. During Plaintiff's last three months at MBP, he was discharged from the psychiatric unit due to a threatening behavior misconduct, and was reclassified to administrative segregation. However, because of Plaintiff's health issues, he was housed in a temporary quarantine unit and was only allowed out of his cell three times a week for a seven minute shower. As noted above, Plaintiff was forced to walk to the showers a long distance without his oxygen tank while handcuffed. Plaintiff claims that his placement in the psychiatric unit and the temporary quarantine unit were ordered by Defendants Alexander and Larson, as well as by Assistant Deputy Warden Max Gormley. Plaintiff contends that the conditions in the psychiatric and quarantine units were well known by the above Defendants, as well as by Regional Health Care Administrator Armstrong, MBP Health Care Supervisor John Doe, Nursing Supervisor Marie Jordan, MDOC Director Patricia L. Caruso, and MDOC Health Care Director John Doe, Step II grievance respondent Michelle Horton, R.N., and Resident Unit Manager Niemi.

Plaintiff further states that Defendant Niemi had him transferred to AMF in early March, 2006, under false pretenses because although staff at AMF were told Plaintiff needed 24 hour oxygen, the staff at AMF were not made aware of Plaintiff's need for portable oxygen. Plaintiff claims that AMF would not have accepted Plaintiff as a transfer if they had known of the severity of his medical needs. Upon Plaintiff's arrival at AMF, Nancy A. Hulkoff, R.N., ordered that Plaintiff be housed in a cell with continuous electric power for his oxygen, and that he be provided with portable oxygen and assisted with movement back and forth to Health Care. It was also ordered that Plaintiff not be allowed out of his cell. Therefore, Plaintiff was totally denied any access to

outside yard, law library, general library, or other recreational opportunities.  When Plaintiff complained about his situation, he received four major misconduct tickets, was reclassified to administrative segregation, and was top-locked in general population for two weeks without a shower.  While in administrative segregation at AMF, Plaintiff's medical condition became worse as a result of being denied outside exercise for such a long period of time.  On April 26, 2006, Dr. Fernando E. Frontera ordered Plaintiff's oxygen to be increased from 2 liters/minute to 3 liters/minute.  An order was also issued that Plaintiff be given portable oxygen for going to the showers and to yard, but Plaintiff never received the portable oxygen tank.

Plaintiff alleges that in May of 2006, he became ill in the shower due to lack of oxygen.  Plaintiff lost consciousness and hit his head.  Plaintiff filed a grievance regarding this incident.  Dr. Frontera subsequently ordered that Plaintiff be transferred to a proper medical facility. Plaintiff was transferred to URF on May 26, 2006, at the direction of Resident Unit Manager Sackette and the AMF Health Care Supervisor, and was approved by Warden R. Napel.  Plaintiff sent a formal complaint to Defendant Caruso and the Regional Health Care Supervisor.  Plaintiff claims that URF did not provide for portable oxygen tanks.  Plaintiff claims that without constant oxygen, he could suffer a stroke or a heart attack and could die very quickly.  Plaintiff states that he has not been allowed any outside yard time since arriving at URF and it has now been over one year since Plaintiff has been allowed outdoors.  Plaintiff contends that, as a result of this denial, his oxygen needs have increased and he suffers from stomach and leg cramps, headaches, back pain and diarrhea.

Plaintiff claims that Defendants have been deliberately indifferent to his serious medical needs by ignoring Plaintiff's need for portable oxygen and fresh air.  Plaintiff states that

- 4 -

Defendants have violated his rights under the First, Eighth and Fourteenth Amendments.  Plaintiff

seeks compensatory and punitive damages.

II.   <u>Lack of exhaustion of available administrative remedies</u>

Plaintiff has failed sufficiently to allege and show exhaustion of available

administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with

respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies.

*See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  The exhaustion

requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature

of the wrong or the type of relief sought.  *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.  A district

court must enforce the exhaustion requirement *sua sponte.  Brown v. Toombs*, 139 F.3d 1102, 1104

(6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative

remedies and should attach to his § 1983 complaint the administrative decision disposing of his

complaint, if the decision is available.[1]  *Brown*, 139 F.3d at 1104.  In the absence of written

documentation, the prisoner must describe with specificity the administrative proceeding and its

outcome so that the Court may determine what claims, if any, have been exhausted.  *Knuckles El v.

Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).  In addition, a prisoner must specifically mention the

involved parties in the grievance to alert the prison officials to the problems so that the prison has

a chance to address the claims before they reach federal court.  *Thomas v. Woolum*, 337 F.3d 720,

735 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Vandiver v. Martin*, No. 02-

---

[1]To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint.  The form complaint, which is required by local rule, is disseminated to all the prisons.  *See* W.D. MICH. LCIVR 5.6(a).  Plaintiff has chosen to forego use of the form complaint in this action.

- 5 -

1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff's claims that he is being improperly denied of outside yard and a portable oxygen tank is the type of claim that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy or procedure or unsatisfactory conditions of confinement") (effective 12/19/03). Plaintiff has attached copies of grievances he filed regarding the above allegations to his complaint. However, a review of the grievances show that Plaintiff did not name any of the above Defendants in his step I grievances. A prisoner must specifically mention the involved parties in the grievance to alert the prison officials of the problems so that the prison has a chance to address the claims before they reach federal court. *Bell v. Konteh*, 450 F.3d 651, 653 (6th Cir. 2006); *Burton v. Jones*, 321 F.3d 569, 574-75 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance."). Moreover, in order to properly exhaust Michigan Department of Corrections grievance procedures, a prisoner must raise each of his claims for the first time at Step I. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). However, where a prisoner has set forth a claim in his Step I grievance, he may present additional factual detail at Steps II and III that clarify his allegations at Step I, as a means of justifying his appeal. *Id.* Raising allegations against a particular defendant for the first time at Step II or III is insufficient to demonstrate

exhaustion. *Id.* at 576 n.4.  Plaintiff, therefore, has failed to demonstrate exhaustion of his available administrative remedies.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion.  *See Wright*, 111 F.3d at 417.  Rather, dismissal of an action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee.  *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, Plaintiff's action should be dismissed without prejudice.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's action be dismissed without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).  I further recommend that the Court find no good-faith basis for appeal  within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   September 6, 2006

- 7 -

## <u>NOTICE TO PARTIES</u>

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).